UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES SANKOVITZ,<br><br>                  Plaintiff,<br><br>  v.<br><br>JON D. GRUBER,<br><br>                  Defendant.<br>_____<br><br>JON D. GRUBER, Individually And On Behalf Of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>RYAN R. GILBERTSON, *et al.*,<br><br>                  Defendants. | Court File No. 19:mc:00090<br><br><br><br>**ORDER ON STIPULATION**<br><br><br><br><br><br><br><br>(*Pending in the Southern District of New York as* Case No. 16-cv-09727-WHP ) |

       This matter is before the Court on the parties' Stipulation Regarding Scope of Subpoena as it Relates to James Sankovitz. (Doc. No. 17.)

       Lead Plaintiff Jon D. Gruber served a subpoena *duces tecum* ("Subpoena") on third party LB Carlson LLP, in this district, dated November 15, 2019.

       James Sankovitz filed a Motion to Quash or Modify Subpoena to LB Carlson, LLP ("Motion"), on December 9, 2019.

       The parties have reached agreement concerning resolution of the Motion and

1

concerning what documents related to James Sankovitz may be produced by LB Carlson in response to the Subpoena.

## ORDER

Pursuant to the parties' Stipulation, IT IS HEREBY ORDERED that with respect to Document Request No. 8 in the Subpoena, LB Carlson need only produce the following:

> Documents relating to Dakota Plains which also relate to either James R. Sankovitz or 1242 Investments; provided, however, that
>
> (i) the subpoena shall not permit disclosure of any portion of any draft or final tax returns of (a) James R. Sankovitz, (b) Kristin R. Sankovitz, (c) any children of James R. Sankovitz or Kristin R. Sankovitz, (d) any trust for the benefit of James R. Sankovitz, Kristin R. Sankovitz or any children of James R. Sankovitz or Kristin R. Sankovitz, (e) any entity controlled by any of the foregoing parties, or (f) 1242 Investments or any of its officers, governors or owners (each of the parties set forth in items (a) through (f) shall be considered an "Identified Party" and the parties set forth in items (a) through (f) collectively shall be considered the "Identified Parties"),
> (ii) the subpoena shall not permit disclosure of any communications relating to tax advice or the preparation of any tax returns for any Identified Party, and
> (iii) within the responsive documents and communications, any portions that do not relate to Dakota Plains shall be redacted by LB Carlson prior to transmitting such documents to the requesting party.
>
> Further, the provisions and restrictions set forth here concerning Document Request No. 8 apply to all Documents and Communications which are responsive to Document Request No. 8, even if those Documents and Communications are also responsive to another Document Request in the Subpoena. (For example, without limitation, tax returns of Identified Parties shall not be disclosed in response to Document Request No. 3 if the stipulated restrictions concerning Document Request No. 8 prevent disclosure of the tax returns in response to

Document Request No. 8, and the same consideration applies concerning other Documents, Communications, and Document Requests.)

Date: March 11, 2020                                          *s/ Becky R. Thorson*

                                                                  BECKY R. THORSON
                                                                  United States Magistrate Judge